UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MOHAMMAD ALRAEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 11-2093 (RMC) |
| ) | |
| BOARD OF TRUSTEES OF THE ) | |
| UNIVERSITY OF THE DISTRICT OF ) | |
| COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**OPINION**

Mohammad Alraee is a former professor of the University of the District of Columbia. Proceeding *pro se*, he brought this suit against the Board of Trustees of the University of the District of Columbia and several of its employees (collectively "UDC"), alleging that UDC terminated him in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. Mr. Alraee also raises breach of contract and tort law claims arising from events that occurred while he was a professor at UDC.[1] Before the Court is UDC's motion to dismiss. Because Mr. Alraee has failed to exhaust his administrative remedies on the one federal cause of action, UDC's motion to dismiss the Title VII allegations will be granted. The remaining counts raise, in part, unsettled issues of local law which should be addressed in the first instance by D.C. courts. These counts will be remanded.

---

[1] This case was removed from D.C. Superior Court pursuant to 28 U.S.C. § 1441. *See* Notice of Removal [Dkt. 1].

1

## I.  FACTS

In August 2008, Mr. Alraee was appointed as a full-time, tenure-track faculty member in the School of Engineering and Applied Sciences' Department of Engineering, Architecture & Aerospace Technology at UDC.  Compl. [Dkt. 1-1], Ex. B at 1.  He was on probationary status.  *See* Compl., Ex. C at 1.  During the time of his employment, Mr. Alraee was also subject to the terms of a Sixth Master Agreement—a collective bargaining agreement ("CBA") between UDC and UDC's Faculty Association/National Education Association.  *See* Compl., Ex. B at 5-6; Defs.' Mot. to Dismiss [Dkt. 4] at 1.

Mr. Alraee's claims center on his termination by UDC.  In August of 2009, UDC sent Mr. Alraee a letter informing him that he was required to submit a faculty performance evaluation for the 2008-2009 school year.  Mr. Alraee failed to submit the evaluation by the deadline specified in the letter.  Compl., Ex. A at 2, Ex. B at 1-2.  Over the coming months, Mr. Alraee engaged in a number of communications with UDC faculty regarding this requirement.  Compl., Ex. B at 2-4.  Mr. Alraee asserts that at some time he submitted the required evaluation, which was accepted by UDC.  *Id.* at 4.  However, Mr. Alraee received a letter on March 23, 2010, stating that his appointment as faculty member would not be renewed.  *Id.*  As bases for his removal, the letter cited his failure to provide his annual evaluation, his failure to respond to requests for his annual evaluation, and a recommendation by Dr. Ben Latigo, the Dean of the School of Engineering, that his appointment not be renewed.  *Id.*  On May 17, 2010, Mr. Alraee was terminated from his faculty position.  Compl., Ex. A at 2.

Despite the reasons provided in the March 23 letter, Mr. Alraee alleges that he was dismissed without explanation and was never given a chance to appeal the dismissal.  Compl., Ex. A at 2.  He states that he received disparate treatment with regard to the annual

evaluation requirement and that the reasons for his termination provided in the letter were pretextual. *See* Compl., Ex. A at 4 (stating that UDC "g[ave] preference to other teachers and [was] flexible with them by allowing them to file evaluations late but disallowing [Mr. Alraee], penalizing [him] and then terminating [his] employment."); *id.*, Ex. C at 3-4. Additionally, Mr. Alraee claims that two incidents, which occurred shortly before his dismissal, "prompted" his termination. Compl., Ex. A at 3.

One incident pertains to actions taken by student Joseph Federicio. Mr. Alraee asserts that Mr. Federicio unlawfully obtained Mr. Alraee's personal and academic records and used them to defame Mr. Alraee. He also claims that Mr. Federicio engaged in illegal surveillance of Mr. Alraee's activities and at one point, assaulted him. Mr. Alraee filed a personal grievance against Mr. Federicio based on these allegations. Before the Court, Mr. Alraee alleges that UDC failed to safeguard his files or to take action against Mr. Federicio for his conduct. Compl., Ex. A at 2-3.

The second incident occurred in April 2010 when the Federal Aviation Administration (FAA) conducted a facilities inspection at UDC. During the inspection, Mr. Alraee provided the FAA with suggestions on improving UDC's facilities. FAA issued a report documenting the poor condition of the facilities and concluding that UDC failed the inspection. Mr. Alraee claims that, although his performance met FAA standards, he and another professor received an email from UDC faculty leaders threatening disciplinary action following the FAA report. Mr. Alraee believes his statements to the FAA were a reason for his termination. Compl., Ex. A. at 2-3.

Mr. Alraee advances a number of claims arising from these facts. First, he asserts that his termination violated Title VII. Mr. Alraee, a Muslim, claims that UDC discriminated

against him by terminating him on account of his religion. *See* Compl., Ex. C at 3-4. He also claims: (1) breach of contract, (2) libel and slander, (3) abuse of process, (4) deceit (misrepresentation), (5) harassment, (6) invasion of privacy, and (7) negligence. Mr. Alraee's breach of contract and abuse of process claims concern UDC's alleged failure to adhere to the terms of the CBA during Mr. Alraee's employment with the University. His libel and slander, deceit (misrepresentation), invasion of privacy, and negligence claims concern UDC's inaction with regard to Mr. Federicio's conduct. For his harassment claim, he alleges that a UDC official accused him of stealing student records. Compl., Ex. A at 4. Lastly, Mr. Alraee raises a wrongful termination claim, asserting that UDC "terminat[ed] [him] for wrongful reasons"— namely because of his discussions with the FAA inspector and "recognition by [UDC] of its culpability" with regard to Mr. Federicio's actions. *Id.* at 3-4. Since his termination, Mr. Alraee states that he has been unable to find work, which he attributes to the discriminatory termination by UDC and the dissemination of information from his personal and academic records. *Id.* at 3.

## II. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim. Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must be sufficient "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted). Although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do." *Id*. The facts alleged "must be enough to raise a right to relief above the speculative level." *Id*. Rule 8(a) requires an actual showing and not just a blanket assertion of a right to relief. *Id*. at 555 n.3. "[A] complaint needs *some* information about the circumstances giving rise to the claims." *Aktieselskabet AF 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) (emphasis in original). Documents that are filed *pro se*, however, are "to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Brown v. Dist. of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted)).

In deciding a motion under Rule 12(b)(6), a court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits or incorporated by reference, and matters about which the court may take judicial notice. *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is "plausible on its face." *Twombly*, 550 U.S. at 570. When a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, then the claim has facial plausibility. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

A court must treat the complaint's factual allegations as true, "even if doubtful in fact." *Twombly*, 550 U.S. at 555. But a court need not accept as true legal conclusions set forth in a complaint. *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "While legal conclusions can

provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.

### III. ANALYSIS

#### A. Title VII

Mr. Alraee claims that his termination from his position as a professor at UDC was discriminatory, in violation of Title VII. UDC contends that the Title VII claim fails because Mr. Alraee failed to exhaust his administrative remedies. The Court agrees.

A Title VII claimant must exhaust his administrative remedies before bringing his claim to court. *Payne v. Salazar*, 619 F.3d 56, 65 (D.C. Cir. 2010); *see also Bowers v. Dist. of Columbia,* No. 10-2056 (ESH), 2011 WL 2160945, at *4 (D.D.C. June 2, 2011) (dismissing a Title VII claim by a former District employee for failure to exhaust administrative remedies). To exhaust his administrative remedies, a complainant must first file a charge with the Equal Employment Opportunity Commission ("EEOC") "within one hundred and eighty days after the alleged unlawful employment practice occurred" or "within three hundred days after the alleged unlawful employment practice occurred" if the employee first initiated proceedings with a "State or local agency with authority to grant or seek relief from such practice." 42 U.S.C. § 2000e-5(e)(1).

Mr. Alraee does not state anywhere in his Complaint or his opposition that he filed a discrimination charge with either the EEOC or the District of Columbia Office of Human Rights at any time. His statement in his opposition that his attorney told him he had a year to file his Complaint does not save his Title VII claim. *See* Pl.'s Opp'n [Dkt. 10] at 1. Having failed to

file a timely charge, Mr. Alraee has not met the prerequisite for filing a lawsuit, and it must be dismissed.

### B. State Law Claims[2]

Mr. Alraee has no remaining federal claims. The Court has supplemental jurisdiction over Mr. Alraee's state law claims pursuant to 28 U.S.C. § 1367(a), which provides a district court with supplemental jurisdiction over "claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United Sates Constitution."[3] The Court, however, will decline to exercise supplemental jurisdiction over Mr. Alraee's state law claims because these claims raise a novel or complex issue of D.C. law. *See id.* at § 1367(c)(1); *see also Ali Shafi v. Palestinian Auth.*, 642 F.3d 1088, 1097 (D.C. Cir. 2011) ("Whether to retain jurisdiction over pendent . . . claims after the dismissal of the federal claims is a matter left to the sound discretion of the district court that [the D.C. Circuit] review[s] for abuse of discretion only." (internal quotation marks and citation omitted)).[4] Accordingly, this case will be remanded to Superior Court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *D.C. Prof'l Taxicab Drivers Ass'n v. Dist. of Columbia*, No. 11-01802 (BAH), 2012 WL 3065309, at *7 (D.D.C. July

---

[2] The D.C. Circuit has not yet resolved whether the exhaustion requirement under the CMPA is a jurisdictional or nonjurisdictional requirement in federal court. *See Johnson v. Dist. of Columbia*, 552 F.3d 806, 810 n.2 (D.C. Cir. 2008).

[3] UDC sought removal of this case from D.C. Superior Court by asserting that the Court has original jurisdiction over the Title VII claim pursuant to 28 U.S.C. §§ 1331 and 1337. UDC further asserted that the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the state law claims. *See* Notice of Removal [Dkt. 1], ¶¶ 14, 15.

[4] There is no diversity jurisdiction because the amount in controversy is not alleged to exceed $75,000. *See* 28 U.S.C. § 1332(a).

30, 2012) ("When a case removed from state court no longer contains any basis for federal court jurisdiction, remanding the case to state court is the proper course of action.").

### IV.  Conclusion

For the foregoing reasons, the District's motion to dismiss [Dkt. 4] will be granted in part as to Mr. Alraee's Title VII claim.  Mr. Alraee's remaining non-federal claims will be remanded to the D.C. Superior Court.  A memorializing Order accompanies this Opinion.

Date: September 5, 2012                                    /s/
                                                   ROSEMARY M. COLLYER
                                                   United States District Judge